## HANCOCK v. WILSON.

1. **Surety**: LIABILITY: JUDGMENT BY CONFESSION. A surety upon a judgment by confession has the right to expect that the judgment will be entered of record within a reasonable time; and he is released from liability by an agreement between the judgment creditor and his principal that the judgment shall not be recorded, in pursuance of which it is not entered of record until after the lapse of an unreasonable time.

*Appeal from Buchanan District Court.*

SATURDAY, JUNE 16.

A CONFESSION of judgment was executed by A. C. Elliott, and the payment thereof guaranteed by Samuel Wilson. The confession and guaranty are as follows: "I, A. C. Elliott, being duly sworn, do depose and say that I am justly indebted unto John Hancock in the full sum of six hundred and ten dollars, and that the said sum of six hundred and ten dollars is for money had and received by me of the said Hancock to my own use and benefit, and that the same is now justly due

and unpaid. Now, therefore, I, A. C. Elliott, do hereby authorize the clerk of the District Court of Buchanan county, Iowa, to render judgment against me, and in favor of said Hancock, for the sum of six hundred and ten dollars, and that stay of execution be had until the 26th day of October, 1870, to draw ten per cent interest after expiration of stay, and I hereby waive and relinquish all homestead and exemption rights· held by me, as to either real or personal property. Witness my hand and affidavit this 26th day of October, 1869

"A. C. ELLIOTT.

"I hereby guarantee the payment of this judgment at maturity.

"SAMUEL WILSON."

The confession is duly subscribed and sworn to before a notary public. The petition alleges that this contract is now plaintiff's property; that no property of Elliott can be found; that Samuel Wilson is dead, and Clinton Wilson is administrator of his estate, and that the claim has been filed against the estate and disallowed by the administrator.

The answer alleges that the confession of judgment was not filed with the clerk of the District Court for fifteen months after it was executed, and that when it was filed Elliott was insolvent. The cause was tried by the District Court, and judgment was rendered for the defendant. Plaintiff appeals.

*Lake & Harmon*, for appellant.

*J. S. Woodward*, for appellee.

DAY, CH. J.—I. The confession of judgment bears date Oct. 26th, 1869, and provides for a stay of execution until the 26th day of October, 1870. Samuel Wilson wrote upon the

1. SURETY: liability: judgment by confession.

face of this confession a guaranty of "the payment of this judgment at maturity." He had a right to expect, at the time he executed this guaranty, that the usual course would be taken with this confession, and that a judgment would be entered thereon, at least within a reasonable time. It was this judgment, to be en-

tered, which he undertook to guarantee. The evidence shows that one C. L. Patrick, as the agent of John Hancock, loaned to Elliott the money for which this confession was executed. It was agreed between Patrick and Elliott that if Elliott would get Wilson to guarantee the payment, the judgment should not be put upon record. It does not appear that Wilson knew anything of this agreement. The confession of judgment was not put upon record until after it became due by its terms, nor until after the death of Wilson. If recovery is had against the estate of Wilson, it is plain that the estate will be held liable upon an agreement altogether different from that Wilson executed. The agreement between Patrick and Elliott not to enter judgment upon the confession operated as a fraud against Wilson. He cannot be held liable upon a contract the substitute for the one which he actually executed, especially in view of the fact that Elliott had, as the evidence shows, unincumbered real estate when the confession was executed, and was insolvent when the judgment was rendered.

II. Appellant assigns as error the permitting of Clinton Wilson to testify as to what occurred between Samuel Wilson and Elliott, at the time the guaranty was executed, showing that Samuel Wilson knew nothing of the arrangement between Elliott and Patrick. The presumption is that he knew nothing of this arrangement, and expected a judgment to be entered within a reasonable time. There was no proof to the contrary. If, therefore, the admission of this evidence was error, it was error without prejudice.

III. Clinton Wilson testified, without objection, that in October, 1869, Elliott was the owner of 118 or 120 acres of unincumbered real estate in Buchanan county, worth $20 an acre. He was then asked: "Do you know how long it remained unincumbered?". This question was objected to as incompetent, immaterial, and not the best evidence. The objection was overruled, and the witness answered: "I do not, exactly; I think it was a year after this took place." This action is assigned as error. This witness being recalled, testified without objection: "Elliott had become insolvent before

Patrick spoke to me about acknowledging the judgment. I cannot say how long before. Patrick told me at the time that this confession was not recorded; that he had promised Elliott he would not put it on record. Elliott had become insolvent before that." It is shown, therefore, by testimony not objected to, that Elliott had unincumbered real estate when the confession was executed, and became insolvent before the judgment was entered. The answer as to the time his real estate became incumbered is therefore immaterial, and works no prejudice. In addition to this, it is admitted that judgment was not entered upon the confession until December 28th, 1870, and that Elliott was then insolvent.

The record discloses no error.

AFFIRMED.